UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE DIVISION

| | |
|---|---|
| JAMES MICHAEL CARROLL, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 7: 05-88-DCR |
| ) | |
| V. ) | |
| ) | |
| JO ANNE BARNHART, ) | **MEMORANDUM OPINION** |
| Commissioner of Social Security, ) | **AND ORDER** |
| ) | |
| Defendant. ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the Court for consideration of Defendant Jo Anne Barnhart, Commissioner of Social Security's ("Commissioner") motion to dismiss, or in the alternative, motion for summary judgment. [Record Nos. 9, 10] The Commissioner claims that Carroll's claim was not timely filed. Because Carroll has not come forward with any proof to counter the presumption that he timely received the Commissioner's decision, the Court will grant the Commissioner's motion for summary judgment.

**I.     BACKGROUND**

On October 22, 2004, the Appeals Council denied Carroll's request for review of the Administrative Law Judge's decision that he was not entitled to disability insurance and supplemental security income benefits. The Social Security Act provides that "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party . . . may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the

Commissioner of Social Security may allow." 42 U.S.C. § 405(g). The Commissioner has promulgated additional rules and interpretations of the 60-day requirement:

> Any civil action described . . . must be instituted within 60 days after the Appeals Council's notice of denial of request for review of the administrative law judge's decision or notice of the decision by the Appeals Council is received by the individual, institution, or agency, except that this time may be extended by the Appeals Council upon a showing of good cause. For purposes of this section, the date of receipt of notice of denial of request for review of the administrative law judge's decision or notice of the decision by the Appeals Council shall be presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary.

20 CFR § 422.210(c).

Carroll filed the instant matter on March 22, 2005. Thus, his suit was filed 91 days after the Appeals Council's decision. The Commissioner has attached the declaration of Earnest Baskerville, the Chief of Court Case Preparation and Review for Branch 3 of the Office of Appellate Operations, stating that the decision was mailed to Carroll and his attorney on October 22, 2004.[1] (Baskerville Decl. at 3.) In response, Carroll's counsel claims that he did not receive the October 22, 2004 decision until January 24, 2005. His assertion, however, is not made in the form of an affidavit or declaration. Moreover, he does not include any statements from Carroll indicating when he received the decision.

## II.   LEGAL STANDARD

### A.   *Motion to Dismiss Pursuant to Rule 12(b)(6)*

When analyzing the sufficiency of a complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court applies the principle that a complaint should not be

---

[1]   The declaration was signed under penalty of perjury, pursuant to 28 U.S.C. § 1746.

dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 724 (6th Cir. 1996). Further, courts must "construe the complaint liberally in the plaintiff's favor and accept as true all factual allegations and permissible inferences therein." *Lillard*, 76 F.3d at 724 (quoting *Gazette v. City of Pontiac*, 41 F.3d 1061, 1064 (6th Cir. 1994)). And while a complaint need not specify every detail of a plaintiff's claim, it must give the defendant "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Gazette*, 41 F.3d at 1064. Although liberal, this standard of review does require more than the bare assertion of legal conclusions. *In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993) (citation omitted). A complaint must contain either direct or inferential allegations with respect to all the material elements necessary to sustain a recovery under some viable legal theory. *Glassner v. R.J. Reynolds Tobacco Co.*, 223 F.3d 343, 346 (6th Cir. 2000) (citing *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988)).

      B.    *Motion for Summary Judgment*

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). A dispute over a material fact is not "genuine" unless a reasonable jury could return a verdict for the nonmoving party. That is, the determination must be "whether the evidence presents a

sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 251-52 (1986).

The moving party bears the initial burden of informing the court of the basis for its motion and identifying those portions of the record that establish the absence of a genuine issue of material fact. *Chao v. Hall Holding Co., Inc.*, 285 F.3d 415 (6th Cir. 2002). Once the movant has satisfied this burden, the non-moving party cannot rely upon the assertions in its pleadings; rather, that party must come forward with probative evidence, such as sworn affidavits, to demonstrate that there is a genuine issue of material fact. *Id.*; *Celotex*, 477 U.S. at 324. However, the trial court does not have a duty to search the entire record to establish that it is bereft of any genuine issue of material fact. *In re Morris*, 260 F.3d 654 (6th Cir. 2002). The nonmoving party has an affirmative obligation to direct the court's attention to those specific portions of the record upon which it seeks to rely to create genuine issues of material fact. *Id.* In determining whether there are any genuine issues of material fact, the Court must review all the facts and the inferences drawn from those facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986).

### III. ANALYSIS

The declaration from Baskerville states that the October 22, 2004 decision was mailed to Carroll and his counsel on that date. Further, 20 CFR § 422.210(c) establishes a presumption that decisions are received by the claimant within five days. While Carroll's counsel claims that he did not receive the decision until January 24, 2005, that statement is not in the form of an

admissible statement, such as an affidavit or declaration. Further, there is no mention of whether Carroll also received the decision three months late. In the absence of such evidence, the presumption is that he received the decision within five days. 20 CFR § 422.210(c); *see also Flores v. Sullivan*, 945 F.2d 109, 110 & n.1 (5th Cir. 1991) ("The Secretary moved to dismiss Flores' action on May 25, 1989, asserting that Flores' action was barred by the sixty-day limitation period of section 405. Flores filed a response to the Secretary's motion to dismiss, contending that the sixty-day limitation period did not begin to run until his attorney, . . . Butler, received notice and that Butler did not receive notice until January 4, 1989. Nowhere in the response, however, did Flores contest his timely receipt of notice." And noting that "Flores was presumed to have received the notice . . . five days . . . after the date on the notice.").

Carroll attaches a February 13, 2005, letter from the Appeals Council refusing to reopen the case to consider additional evidence, noting that the evidence is not material and "does not relate to the period on or before the date of the Administrative Law Judge's decision." As noted by the Appeals Council in the letter, denials of motions to reopen are not subject to judicial review. 20 C.F.R. § 404.903(l); *Torres v. Shalala*, 48 F.3d 887, 890 (4th Cir. 1995). Thus, this letter did not create a new 60-day filing deadline.

## IV.    CONCLUSION

In a summary judgment proceeding, once the movant has come forward with evidence demonstrating that there is no genuine issue of material fact, the non-moving party cannot rely upon the assertions in its pleadings; rather, that party must come forward with probative evidence, such as sworn affidavits, to demonstrate that there is a genuine issue of material fact.

*Celotex*, 477 U.S. at 324.  Carroll has failed to come forward with any proof that he did not receive the Appeals Council's decision within the presumptive five-day window.  20 CFR § 422.210(c).  While Carroll's counsel claims he received his notice several months late, there is no admissible evidence in the record supporting this claim, as discussed *supra*.  Moreover, the only relevant consideration concerns the timing of Carroll's receipt of the decision, rather than his attorney's.  42 U.S.C. § 405(g); 20 CFR § 422.210(c); *Flores*, 945 F.2d at 111-12.  Accordingly, it is hereby

    **ORDERED** as follows:

    (1)    The Commissioner's Motion for Summary Judgment [Record No. 10] is **GRANTED**;

    (2)    The Commissioner's Motion to Dismiss [Record No. 9] is **DENIED**, as moot;

    (3)    A separate judgment will be entered this date.

This 28th day of July, 2005.



Signed By:
*Danny C. Reeves* DCR
United States District Judge